# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

michael@faillacelaw.com

October 5, 2018

**BY ECF**
Hon. Dora Lizette Irizarry
United States District Judge
United States District Court
225 Cadman Plaza East,
Brooklyn, NY 11201

      Re:    <u>Gonzalez Lopez v. First Response Cleaning Corp. et al; 18-cv-03810-DLI</u>

Your Honor:

    This office represents Plaintiff in the above referenced matter. Plaintiff writes jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

    The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

    Plaintiff filed his Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA) and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

    Specifically, Plaintiff alleges he was employed by Defendants during the period from August 2012 to June 2018 at their restoration company located at 3504 Avenue S, Brooklyn, NY 11234. Plaintiff further alleges he was not paid appropriately for the hours he worked during his employment.

    Defendants categorically deny the allegations in the Complaint.

2. **Settlement Terms**

    Plaintiff alleges he is entitled to back wages of approximately $157,250.50. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." Plaintiff estimates that if he had recovered in full for all of his claims, he would be entitled to approximately $347,145.01 which represents calculated actual damages, liquidated

damages, penalties, and interest, but excludes attorneys' fees and costs. Although there is a *bona fide* dispute between the parties as to Plaintiff's claims, the parties have agreed to settle this action for the total sum of $85,000.00, inclusive of attorneys' fees, costs, and interest. The settlement will be paid in one (1) installment and has already been placed in escrow with Defendant's counsel.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Defendants produced a voluminous amount of employment records that contradict Plaintiff's claims. While Plaintiff disputes much of the accuracy of the records, Plaintiff recognizes that the records provide Defendants with a colorable defense, presenting the possibility that Plaintiff's recovery may be severely limited.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

### 3.  Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreement with the Plaintiff, Plaintiff's counsel will receive $28,050 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

Plaintiff's counsel's lodestar in this case is $4,080. A copy of Plaintiff's billing record is attached as "Exhibit C." While Plaintiff's counsel is asking for more than their lodestar, the amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Page 3

Given Plaintiff's counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

     i.     My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

     ii.     Jesse Barton is a senior associate at Michael Faillace & Associates, P.C., and is billed at the rate of $375 per hour. This is his standard rate for matters on which he is paid at an hourly rate. He graduated from Fordham Law School in 2012. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law, with a focus on ERISA litigation. He joined the firm of Michael Faillace & Associates, P.C in January 2015.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

          Respectfully submitted,

          /s/Michael Faillace
          Michael Faillace
          MICHAEL FAILLACE & ASSOCIATES, P.C.
          Attorneys for the Plaintiff

Encls.

cc:     Dave Aboulafia, Esq.
        Aboulafia Law Firm LLC
        Attorneys for Defendants